IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BITTNER FAMILY LP, | : | |
| | : | No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRANSCONTINENTAL GAS | : | |
| PIPE LINE COMPANY, LLC, | : | |
| | : | |
| Defendant. | : | Electronically Filed |

## <u>NOTICE OF REMOVAL</u>

TO:   United States District Court
      Middle District of Pennsylvania
      Max Rosenn U.S. Courthouse
      197 South Main Street
      Wilkes-Barre, PA 18701

Defendant, Transcontinental Gas Pipe Line Company, LLC ("Transco"),

through counsel, files this Notice of Removal to the United States District Court

for the Middle District of Pennsylvania from the Court of Common Pleas of

Luzerne County, Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.

In support, Transco states the following:

1.      On July 3, 2020, Transco received a copy of the Complaint filed by

Plaintiff in the Court of Common Pleas of Luzerne County, Pennsylvania, Docket

No. 2020-05925.  A true and correct copy of the Complaint is attached as **Exhibit**

**A**.

2.     In the Complaint, Plaintiff pleads the following counts against

Transco:  Count I – Breach of Contract – Specific Performance; Count II – Breach

of Contract – Declaratory Judgment; Count III – Negligence; Count IV –

Fraudulent Inducement; and Count V – Punitive Damages.  (Ex. A at 12-15).

3.     Under 28 U.S.C. § 1441(a), "a defendant may remove an action

brought in state court to federal district court if the claims fall within the scope of

federal [subject-matter] jurisdiction."  *Gosch v. Int'l Chapter of Horseshoers and

Equine Trades, Local 947*, 200 F. Supp. 3d 484, 489 (M.D. Pa. 2016) (citations

omitted and alteration in the original).

4.     "The two primary types of '[federal subject-matter] jurisdiction' that

§ 1441(a) contemplates are diversity jurisdiction and federal question jurisdiction."

*Id.* (citations omitted and alteration in the original).

5.     Diversity jurisdiction exists "where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between—(1)

citizens of different states."  28 U.S.C. § 1332(a)(1).

6.     "When a party has not pled a specific sum of damages in the

complaint, the notice of removal may assert the amount in controversy."

*Earnshaw v. Chesapeake Appalachia, L.L.C.*, No. 3:19-CV-1479, 2019 WL

6839305, at *2 (M.D. Pa. Dec. 16, 2019) (attached hereto as **Exhibit B**).

7.     Under 28 U.S.C. § 1446(c)(2), a notice of removal based upon diversity of citizenship "may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief . . . and . . . the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

8.     "[I]n determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005).

9.     The amount-in-controversy threshold required by 28 U.S.C. § 1332(a) may be ascertained in cases involving requests for non-monetary relief by measuring "the value of the object of the litigation." *Earnshaw*, 2019 WL 6839305, at *3 (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397-98 (3d Cir. 2016)).  Likewise, the amount in controversy for a claim of specific performance may be determined by measuring the cost of performance. *See Earnshaw*, 2019 WL 6839305, at *4.

10.     Based on the allegations in the Complaint, the amount in controversy exceeds the threshold amount of $75,000.  Plaintiff claims that the object of the litigation—the restoration of a road to access its hilltop property that Plaintiff claims Transco promised, but failed, to properly restore—would cost

approximately $500,000.00 to make "the road at issue drivable" based on Plaintiff's own estimate. (*See* Ex. A, ¶ 37).

11.     Plaintiff's estimate of the costs required to make the road at issue on Plaintiff's property "drivable" is tied to the relief sought by Plaintiff in each of the claims asserted in the Complaint.

12.     In Count I, Plaintiff seeks specific performance based upon an alleged breach of contract and claims that "Transco has failed to restore the road to its original drivable condition," (Ex. A, ¶ 44), and requests in the Wherefore clause for this Count for the Court to "enjoin Transco to perform its obligation to restore the existing road to meet or exceed pre-construction specifications . . . so that the road is drivable and Plaintiff regains vehicular access to the upper portion of his land." (Ex. A at 12).  Based on the allegations in the Complaint and Plaintiff's estimate of the cost to make the road "drivable," the cost associated with Plaintiff's request for specific performance is $500,000.  (Ex. A, ¶ 37).

13.     In Count II, Plaintiff seeks a declaratory judgment based upon an alleged breach of contract and requests that the Court "[e]njoin Transco to specifically perform its obligation to restore Plaintiff's road." (Ex. A at 12).  Just as with Count I, based on the allegations in the Complaint and Plaintiff's estimate of the cost to make the road "drivable," the cost associated with Plaintiff's request for specific performance is $500,000.  (Ex. A, ¶ 37).

14.     In Count III, Plaintiff seeks damages for a claim of negligence and claims that "[a]s a direct and proximate result of the negligence of the Defendant, Plaintiff has sustained extensive damage due to Defendant's failure to restore the road to its original drivable condition."  (Ex. A, ¶ 54).  Plaintiff's claim for damages is based on Transco's alleged failure to "restore the road to its original drivable condition," (Ex. A, ¶ 54) and based on the allegations in the Complaint these damages would be measured by Plaintiff's estimate of $500,000 as what it would take to make "the road at issue drivable."  (Ex. A, ¶ 37).

15.     In Count IV, Plaintiff seeks damages for a claim of fraudulent inducement and alleges that "Transco has damaged Plaintiff's ability to access his property and plans to transfer the current large house to John Bittner's daughter, allowing John Bittner to access his property above the ROW."  (Ex. A, ¶ 64).  Plaintiff's inability to access the property is based upon Plaintiff's alleged inability "to drive a car, passenger truck up or down the road."  (Ex. A, ¶ 63).  Accordingly, based on the allegations in the Complaint, Plaintiff's damages for this claim would again be measured by Plaintiff's estimate of $500,000 as what it would take to make "the road at issue drivable."  (Ex. A, ¶ 37).  Furthermore, Plaintiff requests in the Wherefore clause for this Count damages in an amount exceeding $50,000.00 including treble damages, making the minimum amount requested for this claim $150,000.00.  (Ex. A at 15).

16.     Finally in Count V, Plaintiff asserts a claim for punitive damages, requesting an amount in excess of $50,000.00.  (Ex. A at 15).  "When "appropriately made . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."  *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004), *abrogated on other grounds by Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008).

17.     Based on Plaintiff's allegations and requests for relief under each Count of the Complaint, Plaintiff's claims, both in the aggregate and individually, exceed the $75,000.00 amount in controversy threshold required by 28 U.S.C. § 1332(a).

18.     For purposes of diversity jurisdiction, complete diversity of citizenship exists on both sides.

19.     In the context of diversity jurisdiction, a partnership like Plaintiff "assumes the citizenship of all its partners" and a limited liability company like Transco "is a citizen of all the states of its members."  *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).  A corporation's citizenship is determined by "both its state of incorporation and the state of its

principal place of business." *Id.* "The citizenship of a natural person is the state where that person is domiciled." *Id.*

20.     Transco is a citizen of Delaware and Oklahoma.  As a limited liability company, Transco is a citizen of the states of its members.  Transco's sole member is Williams Partners Operating LLC ("WPO LLC").  Because WPO LLC is also a limited liability company, its citizenship its determined by its members.  WPO LLC's sole member is The Williams Companies, Inc. ("Williams").  Williams is a corporation that is incorporated in Delaware and has its principal place of business in Tulsa, Oklahoma.

21.     Thus, Williams is a citizen of both Delaware and Oklahoma. Accordingly, WPO LLC is also a citizen of Delaware and Oklahoma, because Williams is its sole member.  Consequently, Transco is a citizen of Delaware and Oklahoma, because WPO LLC is its sole member.

22.     Plaintiff is a Pennsylvania Limited Partnership as alleged in the Complaint.  (Ex. A, ¶ 10).  Plaintiff alleges that John Bittner is the General Partner of Bittner Family LP.  (Ex. A, ¶ 11).  The Certificate of Limited Partnership for Bittner Family LP filed with the Pennsylvania Department of State lists J. Bittner Management, LLC as the general partner.  A true and correct copy of the Certificate of Limited Partnership is attached as **Exhibit C**.

23.     The Certificate of Organization for J. Bittner Management, LLC filed with the Pennsylvania Department of State lists John Bittner as the organizer of J. Bittner Management, LLC and lists no other members.  A true and correct copy of the Certificate of Organization is attached as **Exhibit D**.  John Bittner's address is listed as RR#1 Box 185-D, Dallas, PA 18612.

24.     On information and belief, and consistent with the address listed in **Exhibit D**, John Bittner is domiciled in Pennsylvania, and is thus a citizen of Pennsylvania.

25.     Because John Bittner is the sole member of J. Bittner Management, LLC, J. Bittner Management, LLC's citizenship is also Pennsylvania.

26.     Regardless of whether the general partner of Bittner Family LP is either J. Bittner Management, LLC as listed in **Exhibit C**, or John Bittner as claimed by Plaintiff in the Complaint, both are citizens of Pennsylvania, and thus Bittner Family LP is a Pennsylvania citizen.

27.     Accordingly, complete diversity of citizenship exists because Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of Delaware and Oklahoma.

28.     The timing of this Notice is proper because, under 28 U.S.C. § 1446(b)(1), a defendant may remove a civil action from state court to a United States district court in which the action is pending, within 30 days of receipt of a copy of the initial pleading.

29. Given Transco's receipt of the Complaint on July 3, 2020, this Notice of Removal is timely.

30. A true and correct copy of this Notice of Removal will be filed with the Court of Common Pleas of Luzerne County, Pennsylvania, contemporaneously with its filing in this Court.

31. This Notice of Removal is filed subject to and without waiver of any rights or available defenses Transco may have with respect to the Complaint. Additionally, by filing this Notice of Removal, Transco does not admit any of the allegations made in Plaintiff's Complaint.

WHEREFORE, Defendant Transcontinental Gas Pipe Line Company, LLC respectfully removes this matter to this Court.

Dated: July 22, 2020                    Respectfully submitted,


/s/ Matthew M. Haar
Matthew M. Haar, Esq. (85688)
Sean T. O'Neill, Esq. (205595)
Kyle E. Gray, Esq. (321091)
Saul Ewing Arnstein & Lehr LLP
2 N. 2nd Street, 7th Floor
Harrisburg, PA 17101
717-257-7508 – matt.haar@saul.com
215-972-7159 – sean.oneill@saul.com
215-972-1896 – kyle.gray@saul.com

*Counsel for Defendant Transcontinental Gas Pipe Line Company, LLC*